## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RISE ST. JAMES LOUISIANA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COURTNEY J. BURDETTE, in her official capacity as Secretary of the Louisiana Department of Environmental Quality, et al.,<br><br>    Defendants. | Civil Action No. 3:25-cv-00429-JWD-RLB |

### UNOPPOSED MOTION TO SUSPEND BRIEFING
### ON DEFENDANTS' MOTION TO DISMISS

Plaintiffs respectfully move the Court to suspend briefing on Defendants' motion to dismiss. In support of this motion, Plaintiffs submit as follows:

1. Plaintiffs are community groups that operate community air monitoring programs, which monitor air quality in the communities where Plaintiffs operate by detecting the amount of pollution present in the atmosphere.

2. Plaintiffs filed this action on May 22, 2025, to challenge the enforceability of Louisiana's Community Air Monitoring Reliability Act (CAMRA), La. R.S. §§ 30:2381.1-.11. *See* ECF 1. Plaintiffs allege that CAMRA imposes restrictions on Plaintiffs' ability to collect, use, and disseminate air quality information to the public and to regulators and the courts, and that these restrictions unconstitutionally infringe on Plaintiffs' First Amendment speech and petition rights. Plaintiffs also allege that CAMRA's restrictions on Plaintiffs' activities are preempted by federal law.

3. Defendants are three Louisiana state officials identified in the complaint as responsible for enforcing CAMRA's requirements. On July 18, 2025, Defendants filed a combined

motion to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 18. With respect to subject-matter jurisdiction, Defendants contend that Plaintiffs lack Article III standing and that Defendants are entitled to invoke state sovereign immunity. With respect to Rule 12(b)(6), Defendants argue that CAMRA does not unconstitutionally restrict Plaintiffs' First Amendment rights and that CAMRA is not preempted by federal law.

4. Plaintiffs' opposition to the motion to dismiss is due on August 8, 2025.

5. On August 6, 2025, counsel for the parties met and conferred in accordance with Federal Rule of Civil Procedure 26(f). As a result of that meeting, counsel for the parties have agreed in principle to a proposed briefing schedule for Defendants' motion to dismiss and Plaintiffs' cross-motion for summary judgment. Counsel expect to submit the proposed briefing schedule to this Court as part of their Rule 26(f) status report due on August 14, 2025. *See* Order, ECF 16.

6. To ensure that the Court has an opportunity to consider the parties' proposed schedule, Plaintiffs request that the Court suspend briefing on Defendants' motion to dismiss until such time as the Court has considered the parties' proposed schedule and entered an appropriate order.

7. The undersigned is authorized to state that Defendants, through counsel, consent to this motion.

For the foregoing reasons, Plaintiffs respectfully request that the Court suspend briefing on Defendants' motion to dismiss pending further order from the Court.

August 7, 2025

David Bookbinder
(DC Bar No. 455525)
Environmental Integrity Project
888 17th Street NW
Washington, DC 20006
(301) 751-0611
dbookbinder@environmetalintegrity.org
*Admitted pro hac vice*

Mariah Harrod
(TX Bar No. 24143847)
Environmental Integrity Project
888 17th Street NW
Washington, DC 20006
(856) 503-8645
mharrod@environmetalintegrity.org
*Admitted pro hac vice*

Respectfully submitted,

/s/ Caitlion O'Neill
Caitlion O'Neill
(LA Bar No. 40566)
RISE St. James Louisiana
2150 Allston Way
Suite 460
Berkeley, CA 94704
(504) 321-1360
chunter@risestjames.org

Nandan M. Joshi
(DC Bar No. 456750)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7733
njoshi@citizen.org
*Admitted pro hac vice*