**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| RISE ST. JAMES LOUISIANA, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>COURTNEY J. BURDETTE, in her official capacity as Secretary of the Louisiana Department of Environmental Quality, et al.,<br><br>      Defendants. | Civil Action No. 3:25-cv-00429-JWD-RLB |

**JOINT MOTION TO REOPEN**

Pursuant to this Court's order of February 19, 2026 (ECF 49), the parties respectfully move to reopen this matter and to reinstate Defendants' motion to dismiss (ECF 18) and Plaintiffs' motion for summary judgment (ECF 25) to the Court's docket for resolution by this Court. In support of the foregoing, the parties state as follows:

1.      Plaintiffs filed this action to obtain declaratory and injunctive relief to bar Defendants from enforcing Louisiana's Community Air Monitoring Reliability Act (CAMRA), La. R.S. § 2381.1 *et seq*. Plaintiffs allege that CAMRA unconstitutionally restricts their First Amendment rights of free speech and to petition the government and is preempted by federal law.

2.      On July 18, 2025, Defendants filed a motion to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF 18).

3.      Pursuant to the Court's briefing schedule (ECF 24), Plaintiffs filed a cross-motion for summary judgment on September 5, 2025 (ECF 25). Defendants filed a combined reply in support of their motion to dismiss and opposition to Plaintiffs' motion for summary judgment on October 6, 2025 (ECF 43), and Plaintiffs filed a reply in support of their motion for summary judgment on October 27, 2025 (ECF 45).

1

4.      The parties' briefing reflects their disagreement as to the substantive reach of CAMRA. Plaintiffs interpret CAMRA to impose restrictions on Plaintiffs' community air monitoring programs that are enforceable by Defendants under La. R.S. § 30:2025. Defendants respond that CAMRA establishes a rule of evidence applicable to state proceedings to enforce clean-air laws against emitters of pollution and that CAMRA does not impose restrictions on Plaintiffs' air monitoring programs that are enforceable by Defendants under La. R.S. § 30:2025.

5.      On February 19, 2026, this Court held a status conference with the parties to discuss the possibility of reaching an agreement to narrow the issues in dispute. In its February 19 order (ECF 49), the Court stayed and administratively closed this matter for 30 days. The order directed the parties to file a joint motion to reopen at the end of the 30-day period and to advise the Court of pending motions that must be reinstated to the Court's docket.

6.      The parties, having conferred through counsel, agree that resolution of the jurisdictional and merits questions presented in this matter will largely be informed by the Court's resolution of the parties' dispute as to CAMRA's substantive reach. Defendants maintain that Plaintiffs lack Article III standing and that sovereign immunity independently bars this suit because *Ex parte Young* does not apply. Accordingly, if the Court concludes that Plaintiffs have failed to establish jurisdiction—including because they have not identified a proper *Ex parte Young* defendant in light of CAMRA's reach and operation—the Court should conclude that it lacks jurisdiction to address the merits of Plaintiffs' claims.

7.      Defendants maintain their position that CAMRA does not impose restrictions on community air monitoring programs that are enforceable by Defendants under La. R.S. § 30:2025. Consistent with, and without waiving, that position, Defendants state that they have not initiated and do not intend, even if they could, to initiate any enforcement action under La. R.S. § 30:2025

directed at Plaintiffs' community air monitoring activities occurring prior to the Court's judgment in this matter. Although the parties agree that the Court's interpretation of CAMRA will inform its resolution of other issues presented in this matter, the parties do not believe that any further narrowing of the issues is possible or would simplify the Court's resolution of those issues.

8.    Accordingly, the parties request that the Court return this matter to the active docket and reinstate to the docket Defendants' motion to dismiss (ECF 18) and Plaintiffs' motion for summary judgment (ECF 25) for resolution by this Court.

March 20, 2026

LIZ MURRILL
ATTORNEY GENERAL

/s/ Amanda M. LaGroue
Carey T. Jones (#07474)
Amanda M. LaGroue (#35509)
Tanika L. Starks (#38902)
Assistant Attorneys General
Louisiana Department of Justice
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6060
Facsimile: (225) 326-6098
Email: jonescar@ag.louisiana.gov
LaGroueA@ag.louisiana.gov
starkst@ag.louisiana.gov

Attorneys for Defendants

Respectfully submitted,

/s/ Caitlion O'Neill
Caitlion O'Neill
(LA Bar No. 40566)
RISE St. James Louisiana
2150 Allston Way
Suite 460
Berkeley, CA 94704
(504) 321-1360
chunter@risestjames.org

Nandan M. Joshi
(DC Bar No. 456750)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7733
njoshi@citizen.org
*Admitted pro hac vice*

Jennifer Duggan
(DC Bar No. 978352)
Environmental Integrity Project
888 17th Street NW
Washington, DC 20006
(202) 263-4446
jduggan@environmentalintegrity.org
*Motion for pro hac vice admission pending*

Attorneys for Plaintiffs