UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RISE ST. JAMES LOUISIANA, et al.,<br><br>            Plaintiffs,<br><br>        v.<br><br>COURTNEY J. BURDETTE, in her official capacity as Secretary of the Louisiana Department of Environmental Quality, et al.,<br><br>            Defendants. | Civil Action No. 3:25-cv-00429-JWD-RLB |

STATUS REPORT

A.    JURISDICTION

Plaintiffs allege that Louisiana's Community Air Monitoring Reliability Act (CAMRA), La. R.S. §§ 30:2381.1-.11, violates Plaintiffs' rights of speech and petition under the First Amendment to the U.S. Constitution and imposes restraints that conflict with, and are thus preempted by, federal law. Plaintiffs seek declaratory and injunctive relief to prevent Defendants from enforcing CAMRA's requirements. Plaintiffs invoke this Court's jurisdiction under 26 U.S.C. §§ 1331 and 1343.

B.    BRIEF EXPLANATION OF THE CASE

    1.    Plaintiffs' claims:

Plaintiffs are six community groups that operate community air monitoring programs in Louisiana. Through these programs, Plaintiffs monitor air quality in their communities, typically using low-cost air sensor technology obtained through various funding sources, including from the Environmental Protection Agency (EPA), and report the results of their monitoring.

Plaintiffs allege that CAMRA impermissibly regulates their collection, use, and dissemination of air quality data. Section 2381.5 of CAMRA requires Plaintiffs to use EPA-

1

designated monitoring methods to conduct monitoring for "purposes of alleging a violation of or noncompliance with" federal and state clean air laws. La. R.S. § 30:2381.5. Section 2381.6 restricts how data analysis of air monitoring data may be conducted and requires community groups to make a "quality assurance certification" if they seek to disclose data not conducted by a state-approved laboratory. *Id.* § 30:2381.6. Section 2381.9 requires that "[a]ny release or communication of the collected monitoring data shall include clear explanations of data interpretation, appropriate context, including the applicable or comparable ambient air standard data limitations, and relevant uncertainties." *Id.* § 30:2381.9. Finally, section 2381.10 bars the use of air quality data from community air monitoring programs to support a governmental or private enforcement action against a polluter unless the data was collected and analyzed in accordance with CAMRA's requirements. *Id.* § 30:2381.10. CAMRA's restrictions do not apply to industry actors or the Louisiana Department of Environmental Quality.

Plaintiffs also allege that community groups that do not comply with CAMRA are subject to civil penalties, injunctions and cease and desist orders, and damages liability. *Id.* § 30:2025. Plaintiffs allege that Defendants are the state officials with statutory responsibility to enforce CAMRA's requirements.

The complaint alleges that CAMRA's restrictions on Plaintiffs' air monitoring activities are invalid for three reasons. In Count I, Plaintiffs allege that CAMRA's restrictions on Plaintiffs' ability to collect, use, and disseminate air quality data violates Plaintiffs' right to free speech under the First and Fourteenth Amendments to the U.S. Constitution. In Count II, Plaintiffs allege that CAMRA's restrictions, as they apply to Plaintiffs' ability to communicate air quality information to federal or state regulators or the courts, violate Plaintiffs' right to petition under the U.S. Constitution. In Count III, Plaintiffs allege that CAMRA's restrictions prevent Plaintiffs from

2

measuring and disclosing air quality information in conflict with the federal Clean Air Act and various federal measures designed to encourage community groups to use low-cost air sensors to measure air quality. Plaintiffs seek declaratory and injunctive relief against Defendants to prevent them from enforcing CAMRA's requirements against Plaintiffs.

**2.    Defendants' claims:**

Defendants contend that Plaintiffs' claims challenging Louisiana's Community Air Monitoring Reliability Act ("CAMRA") should be dismissed because Plaintiffs lack Article III standing, their alleged injuries are self-imposed and not caused by CAMRA, and the claims are barred by sovereign immunity. Defendants assert that CAMRA does not prohibit Plaintiffs from monitoring or sharing air quality data and only governs the evidentiary use of such data in state enforcement actions when alleging legal violations. Defendants further argue that Plaintiffs fail to state a claim under the First Amendment because CAMRA regulates conduct, not speech or petitioning, is content- and viewpoint-neutral, and does not bar access to government forums. Finally, Defendants maintain that CAMRA is not preempted by the Clean Air Act, the American Rescue Plan Act, or the Inflation Reduction Act because it does not conflict with those laws, preserves federal authority, and falls within the state's traditional power to set evidentiary standards for enforcement.

**C.    PENDING MOTIONS**

Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on July 18, 2025. ECF 18. Plaintiffs filed a cross-motion for summary judgment on September 5, 2025. ECF 25. Defendants filed a combined reply in support of their motion to dismiss and opposition to Plaintiffs' motion for summary judgment on October 6, 2025. ECF 43.

Plaintiffs filed a reply in support of their motion for summary judgment on October 27, 2025. Briefing is complete on these motions. No other motions are pending.

**D.    ISSUES**

Defendants' motion to dismiss presents two jurisdictional issues:

(1) Whether Plaintiffs have Article III standing.

(2) Whether Defendants are entitled to sovereign immunity.

The merits issues for the Court are:

(1) Whether CAMRA violates Plaintiffs' right to free speech.

(2) Whether CAMRA violates Plaintiffs' right to petition the government.

(3) Whether CAMRA is preempted.

In addition, Defendants' motion to dismiss disputes the reading of CAMRA presented in the complaint. Defendants argue that CAMRA applies only to evidence to be used in state enforcement proceedings and does not regulate Plaintiffs' collection, use, and dissemination of air quality data. Accordingly, an underlying legal question presented in this case concerns the proper interpretation of CAMRA's requirements.

Each of the foregoing issues is in dispute.

**E.    DAMAGES**

No party seeks damages in this action.

**F.    SERVICE**

There are no unresolved issues as to service of process, personal jurisdiction, or venue.

**G.    DISCOVERY**

1.    Initial Disclosures:

A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES [X] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B.     Do any parties object to initial disclosures?

[X] YES [ ] NO

For any party who answered yes, please explain your reasons for objecting.

The parties believe that the legal issues presented in this case can be resolved without the need for initial disclosures and discovery. As discussed in Section C, Defendants have filed a motion to dismiss and Plaintiffs have filed a cross-motion for summary judgment. Should the Court grant either of those motions, initial disclosures and discovery will not be required. Should the Court conclude that neither motion can be granted on the record before it, the parties have agreed to then revisit the need for and timing of initial disclosures and discovery.

2.     Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None

By defendant(s): None.

3.     Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

The parties do not expect a protective order will be needed.

4.    Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): At this time, and based on the current posture of the case, Plaintiffs do not anticipate calling any expert witnesses. If this matter proceeds beyond the pending motion to dismiss and anticipated motion for summary judgment, Plaintiffs may determine that expert testimony will be necessary. In such event, Plaintiffs will supplement these disclosures.

By defendant(s): At this time, and based on the current posture of the case, Defendants do not anticipate calling any expert witnesses. If this matter proceeds beyond the pending motion to dismiss and anticipated motion for summary judgment, Defendants may determine that expert testimony will be necessary. In such event, Defendants will supplement these disclosures.

## H.    PROPOSED SCHEDULING ORDER

1.    If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:

> The parties believe that the legal issues presented in this case can be resolved without the need for initial disclosures and discovery. As discussed in Section C, Defendants have filed a motion to dismiss and Plaintiffs have filed a cross-motion for summary judgment. Should the Court grant either of those motions, initial disclosures and discovery will not be required. Should the Court conclude that neither motion can be granted on the record before it, the parties have agreed to then revisit the need for and timing of initial disclosures and discovery.

2.  Recommended deadlines to join other parties or to amend the pleadings:

Should this Court grant Defendants' motion to dismiss, Plaintiffs request 21 days from the date of the Court's decision to file an amended complaint, which Defendants defer to the Court's discretion.

3.  Filing all discovery motions and completing all discovery except experts:

As discussed in response to Question 1, the parties have agreed to revisit the need for and timing of initial disclosures and discovery after the Court issues its decision on Defendants' motion to dismiss and Plaintiffs' cross-motion for summary judgment.

4.  Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

Plaintiff(s): Plaintiffs do not anticipate the use of expert witnesses in this matter.

Defendant(s): Defendants do not anticipate the use of expert witnesses in this matter.

5.  Exchange of expert reports:

Plaintiff(s): Plaintiffs do not anticipate the use of expert witnesses in this matter.

Defendant(s): Defendants do not anticipate the use of expert witnesses in this matter.

6.  Completion of discovery from experts: The parties do not anticipate the use of expert witnesses in this matter.

7. Filing dispositive motions and Daubert motions:

   The parties do not anticipate Daubert motions. As discussed in Section C, the parties have filed dispositive motions.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

   a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

   c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

   d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

   e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

   f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I. TRIAL

1. Has a demand for trial by jury been made?

[ ] YES [X] NO

2.      Estimate the number of days that trial will require.

**J.      OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES [X] NO

i.      If the answer is yes, please explain:

ii.     If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[X] YES [ ] NO

**K.      SETTLEMENT**

1.      Please set forth what efforts, if any, the parties have made to settle this case to date.

The parties have not discussed settlement and, given the legal issues in dispute, do not believe settlement is likely.

2.      Do the parties wish to have a settlement conference:

[ ] YES [X] NO

If your answer is yes, at what stage of litigation would a settlement conference be most beneficial?

**L.      CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside

over a jury or bench trial, with appeal lying to the United States Court of Appeals for the

Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.**

Report dated:  May 22, 2026

Respectfully submitted,

/s/ Caitlion O'Neill

Jennifer Duggan
(DC Bar No. 978352)
Environmental Integrity Project
888 17th Street NW
Washington, DC 20006
(202) 263-4446
jduggan@environmentalintegrity.org
*Admitted pro hac vice*

Caitlion O'Neill
(LA Bar No. 40566)
RISE St. James Louisiana
2150 Allston Way
Suite 460
Berkeley, CA 94704
(504) 321-1360
chunter@risestjames.org

Nandan M. Joshi
(DC Bar No. 456750)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7733
njoshi@citizen.org
*Admitted pro hac vice*